IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| THOMAS SAVAGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:05-CV-692-F |
| | ) | WO |
| WILLIE R. COLLINS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION**
**and**
**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On July 28, 2005, Thomas Savage, an inmate and frequent litigant in the federal

courts of this state, filed an application for leave to proceed *in forma pauperis.  See* 28

U.S.C. § 1915(a).  Pursuant to the directives of 28 U.S.C. § 1915(g), a prisoner is not

allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or

more occasions, while incarcerated or detained in any facility, brought an action or appeal

in a court of the United States that was dismissed on the grounds that it is frivolous,

malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is

under imminent danger of serious physical injury."[1]

_____

[1]In *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth

The records of this court and the other federal courts of this state establish that the plaintiff, while incarcerated or detained,  has on more than three occasions had civil actions summarily dismissed as frivolous, malicious, for failure to state a claim and/or for asserting claims against defendants who were immune from suit.  The cases on which the court relies in finding a violation by Savage of § 1915(g) are as follows:  (1) *Savage v. Battles, et al.*, Civil Action No.4:92-CV-2581-A (N.D. Ala. 1993); (2) *Savage v. Allgood, et al.*, Civil Action No. 4:92-CV-2503-P (N.D. Ala. 1993); (3) *Savage v. Swift, et al.*, Civil Action No. 2:92-CV-447-T (M.D. Ala. 1992); (4) *Savage v. Byrne, et al.,* Civil Action No. 1:92-CV-318-V (S.D. Ala. 1993); (5) *Savage v. United States District Court,* Civil Action No. 2:89-CV-1136-A (N.D. Ala. 1989); (6) *Savage v. United States District Court,* Civil Action No. 2:89-CV-965-P (N.D. Ala. 1989).[2]

In the instant complaint, Savage complains that defendant Collins deprived him of twenty dollars in violation of his due process rights.  This claims does not allege nor in any way indicate that at the time the plaintiff filed this complaint he was "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  It is therefore clear that Savage fails to meet the "imminent danger" exception necessary to avoid application of 28 U.S.C. § 1915(g).  *See Medberry v. Butler*, 185 F.3d 1189 (11th Cir. 1999).  Based on the

Amendment."

[2]Although this list of cases is not exhaustive, it is representative of the civil cases summarily dismissed by this court and the other federal courts of this state.

foregoing, the court concludes that the plaintiff's motion for leave to proceed *in forma pauperis* is due to be denied and this case dismissed without prejudice as Savage failed to pay the requisite filing fee upon the initiation of this cause of action. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002)(emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice wen it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit.").

Accordingly, it is

ORDERED that the motion for leave to proceed *in forma pauperis* filed by the plaintiff on July 28, 2005 be and is hereby DENIED.    It is further the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for the plaintiff's failure to pay the full filing fee upon the initiation of this case.

It is further

ORDERED that on or before August 22, 2005 the parties shall file objections to this Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

3

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 8th day   of August, 2005.

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE